UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| OP3 Plymouth, LLC, | Court File No: 11-CV-3632 JRT/AJB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION ON MOTION TO CONFIRM SHERIFF'S SALE** |
| Synergy Graphics Property, LLC, Synergy Graphics, Inc., Twin Cities-Metro Certified Development Company, and United States of America, | |
| Defendants, | |
| Lighthouse Management Group, Inc., | |
| Receiver. | |

The above-captioned matter came before this Court, Chief Magistrate Judge Arthur J. Boylan on May 24, 2013 on a motion brought by Plaintiff OP3 Plymouth, LLC ("Plaintiff") for an Order confirming the Sheriff's sale in the above-captioned action. Michael W. Kaphing appeared for plaintiff OP3 Plymouth, LLC. There was no appearance for the defendant. The motion has been referred to the magistrate judge for findings of fact and recommendation to the district court.

**FINDINGS OF FACT**

1. Pursuant to this Court's December 12, 2012 Order for Judgment (Docket No. 54), a personal money judgment was entered against Defendant Synergy Graphics Property, LLC ("SGP") in the amount of $1,920,402.81, as of July 1, 2012, plus interest accrued thereafter to the date of judgment at the rate of $182.17 per day (*i.e.,* $29,875.88 through December 12, 2012) for a total judgment of $1,950,278.69 ("Judgment"). Post-judgment interest accrues on the

Judgment amount pursuant to 28 U.S.C. § 1961(a) at the rate of 0.18% (*i.e.*, $1,355.44 through April 30, 2013).

2.  The Judgment was entered in favor of the then Plaintiff Fifth Third Bank. OP3 is the successor-in-interest to Fifth Third Bank with respect to the Judgment and has since been substituted as Plaintiff in this matter (Docket No. 58).

3.  The Order for Judgment ordered that the mortgage described therein – namely, the June 5, 2006 mortgage recorded on June 12, 2006 in the Office of the Hennepin County Recorder as Document No. 8810577, and registered in the Office of the Hennepin County Registrar of Titles as Document No. 4269719 – be foreclosed and the land lying and being in Hennepin County described therein described as:

Parcel 1:

That part of Lot 1, Block 1, Scoville Business Park 3d Addition, embraced within Lot 2, Block 1, Scoville Business Park, according to the recorded plat thereof, Hennepin County, Minnesota, Together with the benefit of a Declaration of Private Driveway Easement recorded as Document Nos. 4785646 and 4789926

(Registered Property)

and

Parcel 2:

The East 5 feet of the West 389.92 feet of Lot 1, Block 1, Scoville Business Park 3d Addition, according to the recorded plat thereof, Hennepin County, Minnesota.

(Abstract Property)

PROPERTY ADDRESS:   14505 27th Avenue North, Plymouth, Minnesota

(the "Premises") be sold by the Sheriff of Hennepin County ("Sheriff") together with (a) all buildings, structures, and improvements now existing, being constructed, or hereafter constructed or placed on the Premises (hereinafter the "Improvements"); (b) all of the rights, privileges,

licenses, easements and appurtenances belonging to the Premises (including all heretofore or hereafter vacated streets or alleys which are about the Premises); (c) all proceeds and claims arising on account of any damage to or taking of the Premises or Improvements or any part thereof, and all causes of action and recoveries for any loss or diminution in the value of the Premises or Improvements; and (d) all fixtures of every kind whatsoever located in or on, or attached to, and used or intended to be used in connection with or with the operation of the Premises or the Improvements thereon or in connection with any construction now or to be conducted or which may be conducted thereon, together with all building materials and equipment now or hereafter delivered to the Premises and intended to be installed therein; and all extensions, additions, improvements, betterments, renewals, substitutions and replacements to any of the foregoing, and the proceeds of any of the foregoing (all of the foregoing, the Premises and the Improvements, being hereafter collectively called the "Mortgaged Property").

4. Notice of the foreclosure sale was properly posted by the Hennepin County Sheriff.

5. Notice of the foreclosure sale was properly published.

6. The sale of the Mortgaged Property was made by the Sheriff in one parcel, at public auction, on April 30, 2013, for the sale price of One Million Nine Hundred Fifty-One Thousand Six Hundred and Thirty-Four and 13/100 Dollars ($1,951,634.13) to OP3, being the highest bidder for said Mortgaged Property.

**RECOMMENDATION**

Based upon all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. The April 30, 2013 foreclosure sale wherein OP3 purchased the Mortgaged Property for One Million, Nine Hundred Fifty-One Thousand, Six Hundred and Thirty-Four and

13/100 Dollars ($1,951,634.13), all as described in the Sheriff's Report of Sheriff's Sale of Real Property in a Foreclosure by Action dated April 30, 2013, be confirmed.

2. The applicable redemption period under Minnesota Statutes, Section 580.23 is six (6) months from the date of this Order, except that the United States Small Business Administration ("SBA") may redeem within twelve (12) months from the date of this Order.

3. If the Mortgaged Property is not redeemed within said six (6) month period, plus any such additional period of redemption granted to any creditors by virtue of Minn. Stat. § 581.10, or within said twelve (12) month period as to the SBA only, in accordance with the requirements of Minn. Stat. § 581.10 and the statutes cited therein, then OP3, as the purchaser at the Sheriff's foreclosure sale (or its assigns), be decreed to be the absolute fee owner of the Mortgaged Property.

4. The Court Administrator shall enter satisfaction of the judgment against SGP, set forth in the above referenced Order for Judgment to the extent of the $1,951,635.13 bid by OP3, less costs of sale of $763.85.

As there is no just reason for delay, the Court Administrator be ordered to enter judgment immediately pursuant to Order by the district court.

BY THE COURT:

Dated: May 24, 2013           s/Arthur J. Boylan
                              Arthur J. Boylan
                              U.S. Chief Magistrate Judge

Pursuant to Local Rule 72.2(b)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are

made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 8, 2013.

5461142v1